```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

ON TIME AVIATION, INC.          :
                                :
v.                              :      Civil No. 3:04cv1765 (JBA)
                                :
BOMBARDIER CAPITAL, INC.        :

### Ruling on Discovery Objections and Motion to Supplement
### [Docs. ## 58, 68, 76]

Plaintiff On Time Aviation, Inc., commenced this action against defendant Bombardier Capital, Inc. on October 21, 2004, alleging three counts: breach of contract (Count One); fraud (Count Two); and negligence (Count Three). The case arises out of the sale of an aircraft that was located in Saudi Arabia, and the parties' subsequent dispute concerning whether a Honeywell Maintenance Service Plan ("MSP") covered certain repairs to the aircraft's engines.

On December 19, 2005, Magistrate Judge Margolis issued a Ruling on Pending Motions [Doc. # 50], which, inter alia, instructed plaintiffs to: (1) provide for in camera review certain redacted portions of time records kept by Richard Schuller, plaintiff's consultant and expert witness in this case, to determine whether these records were made in his role as testifying expert and hence excepted from attorney-client privilege; and (2) submit affidavits from Saad Wallan and Richard Schurig attesting to the efforts they have made to search for certain requested electronic documents and emails.

1

Following plaintiff's responses, the Magistrate Judge issued two further opinions. By a ruling dated January 23, 2006 [Doc. # 52], she held that the redacted portions of Schuller's time records were covered by attorney-client privilege and not discoverable. By a ruling dated February 2, 2006 [Doc. # 57], she held that the affidavits of Schurig and Wallan indicated that they had satisfied their obligations to search for requested documents and emails. Defendant now objects [Docs. ## 58, 68] to both rulings.

**I.   Standard**

A magistrate judge's ruling on a nondispositive pre-trial motion shall be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). As such, they are reviewed under the "clearly erroneous or contrary to law" standard.

**II.   Richard Schuller Production**

The Court has reviewed the redacted portions of Richard Schuller's time records, as well as the updated privilege log, that were supplied to Magistrate Judge Margolis for in camera review. The Court agrees with the Magistrate Judge that each of the redacted entries is protected by attorney-client privilege

2

because they are communications either to or from Schuller and Attorney Linda Joseph relating to research, strategy, and preparation of the case.

Defendant's motion to supplement [Doc. # 76] argues that because Honeywell MSP Program Director Brent Roseberry produced an email dated August 12, 2004 that he says he sent to Schuller but was not produced by Schuller himself, Schuller must have deliberately hidden or concealed this message or other relevant information.  First, the subject of the August 12 email (coverage of the MSP) is not related to any of the redacted email messages or other entries in the time records.  Second, defendants have proffered no evidence the Schuller deliberately deleted such email, and Schuller's affidavit avers that he believes he never received it because all his other emails from August 11 and 12 were printed out in time order, and the Court observes this to be the case.  Third, the Roseberry email produced by defendants does not contain Schuller's email address so there is no confirmation that it was sent to or received by him.

Accordingly, defendant's motion to supplement will be GRANTED for purposes of considering the additional email, but defendant's objections to the Magistrate Judge's Ruling on the Schuller production will be OVERRULED.

**III. Richard Schurig and Saad Wallan Production**

The Magistrate Judge held that plaintiff's obligation with

respect to email messages in the accounts of Richard Schurig and Saad Wallan had been satisfied by affidavits from those individuals stating that they generally do not use email, and do not have in their possession any such messages related to the case.  Schurig also averred that the central server at J.H. Cohn does not maintain archives of deleted emails.  Schuring and Wallan affirmed that any messages they received from or sent to Richard Schuller already were produced by Schuller.

Contrary to defendant's argument, the Magistrate Judge did not overlook Schurig's obligation to search his hard drive and J.H. Cohn's main server.  Joseph Bongiovanni, manager of information services at J.H. Cohn, stated that his server does not maintain archives of such information, and only retains monthly and yearly backup tapes, which would take approximately two weeks to search.  Bongiovanni Aff. [Doc. # 54] ¶¶ 3, 47, 16-21.  Bongiovanni also stated that the company's email system does not store messages on the recipient's hard drive, and because Schurig stated that he never physically saved messages there, no information would be located on the hard drive.  In addition, Schurig stated that his computer hard drive crashed and deleted all his data in spring/summer 2005.

Additionally, defendants do not dispute that J.H. Cohn itself already produced all relevant documents from Schurig's files.

Because any emails sought would be duplicates of those already produced by J.H. Cohn and Richard Schuller, and because the Magistrate Judge did not clearly err in basing her ruling upon the affidavits of Wallan and Schirig, defendant's objection to the Magistrate Judge's Ruling Following Additional *In Camera* Review is DENIED.

**IV.   Conclusion**

Accordingly, defendant's motion to supplement [Doc. # 76] is GRANTED, but its objections to the Magistrate Judge's discovery rulings [Doc. ## 58, 68] are DENIED.

                              IT IS SO ORDERED.

                              /s/
                              _____
                              JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 25th day of July, 2006.**